**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MIGUEL BONILLA, | No. 18-70325 |
| Petitioner, | Agency No. A073-905-346 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2020**

Before: HAWKINS, GRABER, and McKEOWN, Circuit Judges.

Petitioner Jose Miguel Bonilla, a native and citizen of El Salvador, seeks review of the Board of Immigration Appeals' ("BIA") order denying his application for deferral of removal under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Substantial evidence supports the BIA's conclusion that Petitioner did not establish it is "more likely than not" that he will be tortured on return. *See Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam) (stating standard of review). Although Petitioner suffered abuse in El Salvador, substantial evidence supports the immigration judge's ruling that the treatment did not amount to torture. *See Kumar v. Gonzales*, 444 F.3d 1043, 1055 (9th Cir. 2006) (citing *Gui v. INS*, 280 F.3d 1217, 1230 (9th Cir. 2002)).

Moreover, given the evidence on the efforts of the Salvadoran government to address and eradicate extrajudicial killings of young men perceived to be gang members by the police and military, substantial evidence supports the BIA's determination that "the Salvadoran government does not consent or acquiesce to the torture of its citizens." *See, e.g.*, *Del Cid Marroquin*, 823 F.3d at 937 ("Salvadoran law prohibits extrajudicial killings and violence, and there is substantial evidence that the government enforces those laws—albeit imperfectly—against both gang members and rogue police officers.").

**PETITION DENIED.**